UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

IRVIN SAMUEL HARPER, :
:
        Plaintiff, :
:
        v. : No. 18-cv-365
:
THE CITY OF PHILADELPHIA; :
THE NORTHWEST DETECTIVES :
35TH DISTRICT; THE PHILADELPHIA :
POLICE DEPARTMENT; and :
THE PHILADELPHIA DISTRICT :
ATTORNEY OFFICE, :
:
        Defendants. :
_____

**O P I N I O N**
**Defendant Philadelphia District Attorney's Office's Motion to Dismiss, ECF No. 12 —
Granted**

**Joseph F. Leeson, Jr.**                                                                  November 2, 2018
**United States District Judge**

I.     **INTRODUCTION**

        Plaintiff Irvin Samuel Harper brings various claims under 28 U.S.C. § 1983 and Pennsylvania state law related to his 2016 arrest in Philadelphia. The Defendant Philadelphia District Attorney's Office now moves to dismiss. For the reasons discussed below, this Court grants the motion.

II.     **BACKGROUND**

        Harper alleges that Philadelphia police wrongly arrested him after his former girlfriend attacked him and then falsely accused him of assaulting her. According to Harper, he told unidentified detectives that footage from nearby security cameras would exonerate him; however, the detectives told him that the cameras did not work. Harper alleges that an

unidentified detective from the Northwest 35th District told him he did not have to investigate given Harper's criminal background and Harper's ex-girlfriend's allegations. Harper was charged with aggravated assault, conspiracy, two violations of the Uniform Firearms Act, possessing an instrument of crime, simple assault, and reckless endangerment. However, his ex-girlfriend, the complaining witness, failed to appear for three separate listings of the preliminary hearing, and the prosecution withdrew the charges.

Harper filed his *pro se* complaint against the City of Philadelphia, the Northwest Detectives 35th District, the Philadelphia Police Department, and the Philadelphia District Attorney's Office on February 27, 2018. ECF No. 5. Harper alleges various claims under 28 U.S.C. § 1983 for violations of his federal constitutional rights and Pennsylvania common law tort claims[1] and seeks $6 million in damages.

Former Chief Judge Lawrence Stengel dismissed Harper's claims against the Philadelphia Police Department because the Department is not a separate entity from the City of Philadelphia for purposes of liability. ECF No. 4. Judge Stengel subsequently granted the City's motion to dismiss because he found that the complaint included no allegations of a custom or policy of the City as required to establish municipal liability under *Monell v. Department of Social Services of New York City*, 436 U.S. 658 (1978). ECF No. 11. The Philadelphia District Attorney's Office ("DAO") has moved to dismiss Harper's claims. ECF No. 12.

---

[1]  Plaintiff's claims include malicious prosecution, false imprisonment, denial of procedural due process, negligence, "equal protection," "emotional distress," "improper conduct of police/investigators," municipal liability, institutional bias, false arrest, "no probable cause," and "mental anguish." Compl. 11.

## III. LEGAL STANDARD

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV. ANALYSIS

### A. Section 1983 claims against the DAO

The DAO moves to dismiss Harper's § 1983 claims for two reasons: first, because the DAO is not a municipal entity subject to suit under § 1983 and second, because even if the DAO is subject to suit, Harper has not alleged sufficient facts to establish municipal liability under *Monell*.

District courts within the Third Circuit disagree about whether the DAO is a separate entity from the City of Philadelphia such that it can be sued separately under § 1983. *Compare Estate of Tyler ex rel. Floyd v. Grossman*, 108 F. Supp. 3d 279, 288 (E.D. Pa. 2015) *and Joobeen v. City of Philadelphia Police Dep't*, No. CIV.A 09-1376, 2010 WL 844587, at *5 (E.D. Pa. Mar. 4, 2010) *with Quintana v. City of Philadelphia*, No. CV 17-996, 2017 WL 3116265, at *3–4 (E.D. Pa. July 21, 2017) *and Sourovelis v. City of Philadelphia*, 103 F. Supp. 3d 694, 711–12 (E.D. Pa. 2015).

This Court need not address this issue at this time, however, because Harper's § 1983 claims against the DAO fail for the other reason the DAO identifies: Harper has not alleged that a DAO policy or custom caused the violations of rights he alleges, as required to hold a municipal entity liable under *Monell*. To state a claim against a municipal entity under § 1983, a complaint must allege a constitutional violation by a municipal actor that resulted from a municipal policy or custom. *Monell*, 436 U.S. at 694. The Third Circuit has identified three situations where the actions of an employee can be considered the result of a "policy or custom:" (1) where an officer or entity promulgates a policy and the complained of act is simply an implementation of that policy; (2) where no specific rule has been announced but "federal law has been violated by an act of the policymaker itself;" or (3) where "the policymaker has failed to act" and "the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003).

Harper's complaint contains no allegations establishing that the DAO had a policy or custom that resulted in his alleged constitutional injuries; indeed, as Judge Stengel found when

he granted the City's motion to dismiss, Harper's complaint focuses only on his own situation following his arrest. In his opposition to the DAO's motion, Harper argues that the DAO "encourage[s] and uses a pattern of conduct which included manipulative investigative procedures, intimidation of witnesses, not investigating crimes, and using false statements." Pl.'s Opp. 5, ECF No. 14. This Court cannot consider these legal conclusions without facts to support them. *See Boyden v. Twp. of Upper Darby*, 5 F. Supp. 3d 731, 743 (E.D. Pa. 2014) ("Boyden alleges that the Upper Darby Township Police Department has a custom of using excessive force when making arrests . . . .To be sure, this statement is a legal conclusion not entitled to the assumption of truth."). Harper alleges none. Harper argues that because prosecutors enforce the law, they establish a custom or policy every time they arrest and prosecute someone. Harper cites only *Fletcher v. O'Donnell*, 867 F.2d 791 (3d Cir. 1989) in support of this proposition; however, *Fletcher* does not support Harper's argument. In *Fletcher*, the plaintiff sought to demonstrate a municipal custom of excessive force by police officers and the Third Circuit Court of Appeals remanded to allow him to present evidence of previous incidents of excessive force and of the defendant city's failure to respond. *Id.* at 794. Harper does not make any similar allegations of past incidents to support a custom or policy.

Harper has failed to state a basis for *Monell* liability against the DAO; therefore, the DAO's motion to dismiss Harper's § 1983 claims is granted.

**B. State law claims against the DAO**

The DAO argues that Harper's Pennsylvania common law claims are barred by the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"), which grants immunity from liability for state law tort claims to municipalities, municipal agencies, and municipal officers acting in an official capacity. *See* 42 Pa. C.S. § 8541 ("[N]o local agency shall be liable for any

damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.").

The protections of the PSTCA apply to district attorney's offices. *See Douris v. Schweiker*, 229 F. Supp. 2d 391, 402–03 (E.D. Pa. 2002) (granting motion to dismiss based on district attorney's office's immunity under PSTCA), *aff'd sub nom. Douris v. Rendell*, 100 F. App'x 126 (3d Cir. 2004); *Zerby v. Waltz*, No. 1:16-CV-00383, 2017 WL 386616, at *12 (M.D. Pa. Jan. 27, 2017) (dismissing malicious prosecution and invasion of privacy claims against district attorney's office pursuant to PSTCA). The statute provides immunity against all claims except eight specifically defined categories of negligence claims.[2] Harper's claims sounding in negligence—simple negligence and "emotional distress"[3]— do not arise from any of the listed bases for permitted claims; therefore, the PSTCA bars these claims. The DAO is similarly immune to Harper's remaining claims, which are intentional torts. *See Douris*, 229 F. Supp. 2d at 403 (holding that district attorney's office was immune from intentional tort claims and dismissing malicious prosecution claim); *Schneyder v. Smith*, No. CIV.A. 06-4986, 2007 WL 119955, at *6 (E.D. Pa. Jan. 9, 2007) (dismissing false imprisonment and intentional infliction of emotional distress claims against district attorney's office), *rev'd on other grounds sub nom. Odd v. Malone*, 538 F.3d 202 (3d Cir. 2008); *Roberts v. Toal*, No. CIV. A. 94-608, 1995 WL 51678, at *5 (E.D. Pa. Feb. 8, 1995) ("The County is likewise entitled to immunity as to the remaining claims because they are intentional rather than negligent torts.").

---

[2] The PSTCA permits negligence claims resulting from: (1) vehicle liability; (2) the care, custody and control of personal property; (3) the care, custody and control of real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) the care, custody and control of animals. 42 Pa. C.S. § 8542(b).

[3] For purposes of the PSTCA analysis, this Court construes Harper's unspecified "emotional distress" claim as a claim for negligent infliction of emotional distress.

6
110218

Therefore, this Court dismisses the Pennsylvania state law claims against the DAO.

### C. Claims against the Northwest Detectives 35th District

Because Judge Stengel previously dismissed the City of Philadelphia and the Philadelphia Police Department and this Court now dismisses all claims against the DAO, the only remaining claims are against the Northwest Detectives 35th District. Judge Stengel previously found that the Northwest Detectives 35th District are essentially unidentified John Doe defendants and directed Harper to provide sufficient identifying information before summons would issue. ECF No. 4. Harper has not done so. Therefore, Harper will have forty-five days to provide this information or show cause for his failure to timely provide it; otherwise, this Court may dismiss his remaining claims under Federal Rule of Civil Procedure 4(m).[4]

## V. CONCLUSION

For the reasons discussed, Defendants' motion to dismiss is granted, and this Court dismisses all claims against the Philadelphia District Attorney's Office. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[4] "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).